**U**NITED **S**TATES **D**ISTRICT **C**OURT
**M**IDDLE **D**ISTRICT **O**F **F**LORIDA
**O**RLANDO **D**IVISION

**DONALD BERKSETH and PAULA BERKSETH,**

        **Plaintiffs,**

**v.**                                                 **Case No:   6:15-cv-689-Orl-31GJK**

**CONTINENTAL CENTRAL CREDIT, INC.,**

        **Defendant.**

## **O**RDER

This matter is before the Court on the Defendant, Continental Central Credit, Inc.'s ("Continental") Motion to Dismiss or Alternatively for Summary Judgment (Doc. 16), Conald and Paula Berkseth's (cumulatively "Berksenths") Response in Opposition (Doc. 23), and Continental's Reply in Support of the Motion (Doc. 31).

    **I.**    **Background**

This case involves the content of a one page collection letter sent to the Plaintiffs by Defendant on March 5, 2014. A redacted copy of that letter was attached to the Complaint, and is also attached to this Order as Exhibit A. The parties argue that this letter constitutes the entirety of the factual basis for the Plaintiff's claims that it violates the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") and the Florida Consumer Collection Practice Act, Chapter 559 Florida Statutes ("CCPA").

The Complaint in this case (Doc. 2) was originally filed in state court and removed to this Court on April 29, 2015. On May 15, 2015, Defendant filed an answer to Count VI of the complaint (Doc. 17) and a motion to dismiss the remaining counts (Doc. 16). Plaintiff responded to the motion

on July 2, 2014 (Doc. 23), then voluntarily dismissed Counts I, III, and VIII[1] on July 7, 2015, accordingly, the only counts currently at issue are Counts II, IV, V, and VII.

**II.    Standard**

The Motion was styled as a motion to dismiss or alternatively one for summary judgment. In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In this instance, however, the summary judgment standard is appropriate because the parties agree that there are no disputed issues of material fact—the matter solely turns on the collection letter and the case is ripe for a decision on the merits.[2] A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56. Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

---

[1] Count I alleged a violation of Florida Statutes, section 559.72(7)—collecting a consumer debt by abuse or harassment. Count III sought relief under the FDCPA, for the same alleged conduct. Count VIII sought declaratory and injunctive relief.

[2] The Court issued a Milburn Order on May 18, 2015. (Doc. 18).

The Court must evaluate the claims asserted under the least sophisticated consumer standard adopted by the Eleventh Circuit. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1201 (11th Cir. 2010). In explaining this standard, the Eleventh Circuit has stated:

> The inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the least sophisticated consumer would have been deceived by the debt collector's conduct. The least-sophisticated consumer standard takes into account that consumer-protection laws are not made for the protection of experts, but for the public—that vast multitude which includes the ignorant, the unthinking, and the credulous. However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.

*Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258-59 (11th Cir. 2014) *cert. denied*, 135 S. Ct. 1844, 191 L. Ed. 2d 724 (2015) (internal quotations and citations omitted); *see also LeBlanc*, 601 F.3d at 1194 ("The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." (internal quotations omitted)) *quoting Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

### III.     Analysis

The letter underlying this case is a straightforward correspondence stating that the Plaintiffs owe the Defendant money. The letter can be summarized in plain English as follows:

> We are a collection agency. We have been asked by our client—Blue Tree Resort—to collect the money which they claim you owe them, $1829.68. Please remit this amount or present your defense against this claim within thirty (30) days.
>
> If you do not pay the claim or dispute it within thirty (30) days, we will assume the debt is valid. If you require additional information regarding this claim, notify us within thirty (30) days and we will provide verification, a copy of any judgment against you, or the name and address of the original creditor if it is different from the current creditor.
>
> If you do not understand this notice, call us or consult with someone who can assist you in this regard.

(Ex. A (summarized)). Plaintiffs' principle theory is that this straightforward letter was too similar to legal process and was ultimately misleading, deceptive, and overshadowed the notice of rights contained therein. The respective theories are addressed in turn below.

### A. Counts II and V

Counts II and V allege that the Defendants misrepresented legal or judicial process in violation of provisions of the both the state and federal collection protection acts.

15 U.S.C. § 1692e(13)[3] of the FDCPA provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (13) The false representation or implication that documents are legal process.

Florida Statutes, § 559.72(10) of the CCPA provides:

In collecting consumer debts, no person shall:

> (10) Use a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not.

Plaintiffs cite to three aspects of the Collection Letter as the basis of this claim: (i) including the language "please remit the balance in full or present your defense against this claim,"[4] (ii) including the language "Important Message; Notice; Noticia; Understanding Your Rights," and (iii) using layout, formatting, and verbiage that resembles a valid legal

---

[3] In a recent order in *Townsend v. Quantum3 Grp., LLC*, No. 3:14-CV-1301-J-39PDB, 2015 WL 4603410 (M.D. Fla. July 29, 2015) the Court recognized a repeal of § 1692e by implication of an amendment to the Bankruptcy Code. *Id.*, at *13. Regardless of the effect in the context of bankruptcy, a repeal by implication only operates to the extent of the irreconcilable conflict. *See* 73 Am. Jur. 2d Statutes § 278 (summarizing effect of repeal by implication). Accordingly, any such repeal would not impact the matter at bar.

[4] The original textual formatting was all caps, which has been modified in quotations in this Order.

summons. However, even when viewed in the light of the least sophisticated consumer, none of these examples misrepresents or implies that the document is or simulates legal or judicial process.

The Plaintiff principally relies on *Zimmerman v. Portfolio Recovery Associates, LLC*, 276 F.R.D. 174 (S.D. NY 2011) in support of their argument. Yet, in *Zimmerman* the defendants had sent a draft summons and complaint and the court found the following facts salient in its ruling in favor of plaintiffs: "the form of the [draft] Summons and Complaint, the reference to the court and parties, the requirement to respond within 20 or 30 days, and the fact that an attorney from Portfolio's 'Litigation Department' had signed the cover letter." *Id.*, at 179. The letter in this case included no such documents or indicia of legal process.

### B. Count IV

Count IV alleges that the Collection Letter used false, deceptive, or misleading means or representations in attempting to collect a debt in violation of 15 U.S.C. §§ 1692e and 1692e(10).

Section 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

The Plaintiffs assert the letter is deceptive because it requests they remit the balance of the debt or present their defense against the claim, while also advising Plaintiffs that they had thirty (30) days to dispute the validity of the debt. (Doc. 2 at 8-9). Where a communication has more than one reasonable meanings, at least one of which is misleading to the least sophisticated consumer, then it violates the FDCPA. *LeBlanc*, 601 F.3d at 1195 n.18.

To address this, Plaintiffs recycle their argument that the letter resembles a legal summons, and, when viewed as a whole, it deceptively indicates that legal process has been initiated and Plaintiffs must defend. However, when read as a whole, the document shows itself to be a communication about a debt, not a legal action. While a debt collection letter shares some trappings with legal process, as any communication regarding a debt owed likely would, that is not enough to be misleading to even the least sophisticated consumer.

### C.  Count VII

Finally, Count VII alleges that the letter overshadows or is inconsistent with the disclosure of the Plaintiffs' rights. Section 1692g(b) of the FDCPA provides, in pertinent part:

> Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Plaintiffs assert that the sentence "Please remit the balance in full or present your defense against this claim" overshadowed their rights during the thirty day validation period established in 15 U.S.C. § 1692g(a). The Eleventh Circuit has had little to say on overshadow claims under section 1692g(b). However, the Court is persuaded by the reasoning set forth in *Wilson v. Quadramed Corp.*, 225 F.3d 350, 356 (3d Cir. 2000), *as amended* (Sept. 7, 2000)—where the validation notice is the same size, font, and color type-face as the other paragraphs, the Plaintiffs must point to some structural or formatting element of the collection letter that overshadows the disclosure of Plaintiffs' rights. Plaintiffs' argument that the Collection Letter has the auspices of a legal or governmental proceeding has already been discounted—it was not enough to mislead, is it not enough to overshadow.

It is, therefore

**ORDERED** that the Defendant's Motion to Dismiss or for Summary Judgment (Doc. 16) is **GRANTED.** At the conclusion of this case, the Court will enter judgment in favor of Defendant for Counts II, IV, V, and VII.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 12, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

# CONTINENTAL CENTRAL CREDIT, INC.

5611 PALMER WAY SUITE G  
CARLSBAD, CA 92010  
P 800-525-6000 L 760-931-7799  
www.cccreditinc.com

PO BOX 131120  
CARLSBAD, CA 92013  
FAX 760-931-0755

FOR: BLUE TREE RESORT  
A NON-PROFIT CORPORATION  
62355-62355

DATE       : 03-05-14

DONALD M BERKSETH  
PAULA R BERKSETH

ACCOUNT #  
█7800



PRINCIPAL:  $   1363.33  
INTEREST :  $     11.95  
COLL FEE :  $    454.40  
TOTAL USD:  $   1829.68

CONTACT   :   PAT SMITH

YOUR ACCOUNT HAS BEEN ASSIGNED TO OUR OFFICE FOR COLLECTION. PLEASE REMIT THE BALANCE IN FULL OR PRESENT YOUR DEFENSE AGAINST THIS CLAIM.

ALL CHECKS RETURNED FOR NON-SUFFICIENT FUNDS WILL BE CHARGED A $25.00 FEE

IMPORTANT MESSAGE

UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE VERBALLY OR IN WRITING WITHIN THIRTY (30) DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST VERBALLY OR IN WRITING WITHIN THIRTY (30) DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

NOTICE

WE ARE A COLLECTION AGENCY. WE HAVE BEEN ASKED BY OUR CLIENT(S) TO COLLECT THE MONEY WHICH THEY CLAIM YOU OWE THEM. IF YOU DO NOT UNDERSTAND THIS NOTICE, CALL OUR OFFICE OR FIND SOMEONE WHO CAN EXPLAIN THIS NOTICE TO YOU.

NOTICIA

SOMOS UNA AGENCIA DE COBRANZAS. NUESTRO CLIENTE(S) NOS HA PEDIDO COBRAR EL DINERO QUE ELLOS DICEN QUE UD. LES DEBE. SI UD. NO COMPRENDE ESTE MENSAJE, COMUNIQUESE CON ESTA OFFICINA O CONSIGA QUIEN LE INTERPRETE. TENEMOS EMPLEADOS QUE HABLAN ESPANOL.

UNDERSTANDING YOUR RIGHTS

CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT - (FOR CALIFORNIA RESIDENTS "ONLY"), AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FOR ALL STATES) REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8 A.M. OR AFTER 9 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.

INTEREST WILL ACCRUE DAILY BASED ON PRINCIPAL AMOUNT. AMOUNT DUE MUST BE PAID IN U.S. DOLLARS.

IN SOME STATES THERE MAY BE AN ADDITIONAL CHARGE WHEN PAYING BY PHONE CHECK OR CREDIT CARD. (VISA/MASTERCARD 3% AMERICAN EXPRESS 3.333% OR PHONE CHECKS $3.40)

THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY

NOTICE--THE FEDERAL LAW REQUIRES WE INFORM YOU THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY